UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

RONALD WALKER,

          Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
KEITH HENNIN, shield # 23794, LIEUTENANT
ELIZABETH MORRISSEY, LIEUTENANT
WILLIAM HEALY, SERGEANT JOHN MILESKI,
shield # 2131, SERGEANT CHRISTOPHER
BARBIERI, shield # 210, SERGEANT WILBERTO
SURIEL, shield # 1683, POLICE OFFICER
ANDREW WATSON, shield # 30737, ESU
SERGEANT TODD FECHT, shield # 3472, ESU
DETECTIVE ROBERT SCHIERENBECK, shield
# 7814, ESU DETECTIVE PATRICK QUINLAN,
shield # 7056, ESU DETECTIVE ROBERT ZAJAC,
shield # 7443, ESU DETECTIVE KENNETH
GREENE, shield # 5362, ESU DETECTIVE
CHIMEL, POLICE OFFICERS JANE/JOHN
DOE(S) #'S 1-10, 75th Precinct.

          Defendants.

_____X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

PLAINTIFF RONALD WALKER, by his attorney DAVID A. ZELMAN, ESQ., for his

COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which PLAINTIFF RONALD WALKER (hereinafter

"WALKER") seeks damages to redress the deprivation, under color of state law, of rights

secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United

States Constitution. On or about January 22, 2010, at approximately 5:30 P.M., at a

grocery store located at or near 605 Sutter Avenue, Brooklyn, New York, WALKER was

falsely arrested by Defendants, including, but not limited to, POLICE OFFICER KEITH

HENNIN, shield # 23794, and POLICE OFFICERS JOHN DOE(S) (hereinafter

"Defendants"). It is alleged that Defendants falsely arrested WALKER in violation of his

constitutional rights. While in custody WALKER was unlawfully detained for

approximately two days. It is further alleged that WALKER was abused by Defendants

while at the police precinct. As a result of the excessive force used by Defendants,

WALKER suffered physical and mental injuries.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides

for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

Constitution and laws of the United States. This Court has pendant jurisdiction over

PLAINTIFF's state law claims.

## III. PARTIES

3.    WALKER at all times relevant hereto resided at 626 Sutter Avenue, Apartment 3B,

Brooklyn, New York 11207.

4.    Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation,

incorporated pursuant to the laws of the State of New York, which operates the New

York City Police Department (hereinafter "NYPD"), and as such is the public employer

of the Defendant officers herein.

5.    Defendant POLICE OFFICER KEITH HENNIN, shield # 23794 (hereinafter

"HENNIN") was an NYPD police officer, and at all times relevant hereto, acted in that

2

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6.    Defendant LIEUTENANT ELIZABETH MORRISSEY, (hereinafter "MORRISSEY") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment.

7.    Defendant LIEUTENANT WILLIAM HEALY, (hereinafter "HEALY") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

8.    Defendant SERGEANT JOHN MILESKI, shield # 2131, (hereinafter "MILESKI") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

9.    Defendant SERGEANT CHRISTOPHER BARBIERI, shield # 210, (hereinafter "BARBIERI") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

10.    Defendant SERGEANT WILBERTO SURIEL, shield # 1683, (hereinafter "SURIEL") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

11.    Defendant POLICE OFFICER ANDREW WATSON, shield #30737 (hereinafter "WATSON") was an NYPD police officer, and at all times relevant hereto, acted in that

3

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

12.  Defendant SERGEANT TODD FECHT, shield # 3472, (hereinafter "FECHT") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

13.  Defendant DETECTIVE ROBERT SCHIERENBECK, shield # 7814, (hereinafter "SCHIERENBECK") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

14.  Defendant DETECTIVE PATRICK QUINLAN, shield # 7056, (hereinafter "QUINLAN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

15.  Defendant DETECTIVE ROBERT ZAJAC, shield # 7443, (hereinafter "ZAJAC") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

16.  Defendant DETECTIVE KENNETH GREENE, shield # 5362, (hereinafter "GREENE") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

17.  Defendant DETECTIVE CHIMEL, (hereinafter "CHIMEL") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

4

18.    Defendants POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-10 (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

19.    At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

20.    On or about January 22, 2010, shortly before 5:30 P.M., WALKER was at a grocery store located at or near 605 Sutter Avenue, Brooklyn, New York, trying to purchase a pack of cigarettes.

21.    The store was very crowded and WALKER waited about 5 minutes to make his purchase. Store employee, Francisco Jimenez, told WALKER to "wait his turn." WALKER and Jimenez then exchanged words.

22.    At some point during the verbal argument, Jimenez grabbed a baseball bat. WALKER told him, "You'd better not use that bat on me."

23.    Police officers who had been right next door, rushed into the store. They arrested and handcuffed Jimenez.

24.    The police officers threw WALKER against the glass case where the cold cuts were served, handcuffed him, and told him to "shut up."

25.    Several of those present in the store asked the police why WALKER and Jimenez were being arrested, but the police officers did not respond.  WALKER also asked the police officers why he was being arrested, but was only told, "Don't worry about it.  You'll find out."

26.    Jimenez was placed in a police vehicle and transported to the 75th precinct.

27.    WALKER was then placed in a police vehicle and transported to the 75th precinct.

28.    While at the precinct, and still with his hands cuffed behind his back, WALKER continued to protest his innocence.

29.    Thereafter, WALKER was assaulted by four or five police officers in an area located near the holding cells.  As a result of this attack, WALKER began to bleed profusely from his nose and mouth.

30.    Defendants admit that WALKER was injured while in custody, but claim that WALKER fell.

31.    Following this assault, WALKER lost consciousness, and awoke again some time later in an ambulance.  He had been placed inside a body bag with his hands still cuffed behind his back.  WALKER was transported in the ambulance to Brookdale Hospital.  He remained in the body bag with his hands cuffed for several hours while at the hospital until he requested to use the restroom.

32.    WALKER was then transported back to the 75th precinct, where he was placed in a holding cell.  He was then transported to Central Booking.

33.    While at Central Booking, WALKER asked several people for medical treatment because he was in intense pain from his injuries and there was blood all over him.  None of the

police officers sought medical treatment for WALKER, instead telling him that when he sees a judge, the judge will decide if he needs medical treatment.

34.    WALKER was not released until Sunday, January 24, 2010, more than 48 hours after his arrest.

35.    Upon release, WALKER went home. At home, due to pain, an ambulance was called, which transported him to Kings County Hospital. At Kings County Hospital, he received treatment for his injuries, which included a broken nose, a laceration to his bottom lip, dental injuries, and back and neck pain. At the hospital, WALKER received approximately six stitches to his bottom lip and his front teeth were treated so as to be in proper alignment.

36.    WALKER was charged with Penal Law §§ 120.00(1), 110, 120.14 and 240.26(1). All charges were dismissed.

37.    That heretofore and on the 26th day of March, 2010, WALKER's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of WALKER, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

38.    That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

7

39.    Paragraphs 1 through 38 of this complaint are hereby realleged and incorporated by
       reference herein.

40.    That Defendants had neither valid evidence for the arrest of WALKER nor legal cause or
       excuse to seize and detain him for approximately three days.

41.    That in detaining WALKER for approximately two days, and without a fair and reliable
       determination of probable cause, Defendant CITY abused its power and authority as a
       policymaker of the New York City Police Department under the color of State and/or
       local law. It is alleged that CITY, via their agents, servants and employees routinely
       charged persons with crimes they did not commit. WALKER was but one of those
       persons.

42.    Upon information and belief, it was the policy and/or custom of Defendant CITY to
       inadequately supervise and train its officers, staff, agents and employees, thereby failing
       to adequately discourage further constitutional violations on the part of their officers,
       staff, agents and employees.

43.    As a result of the above described  policies and customs, the officers, staff, agents and
       employees of Defendant CITY believed that their actions would not be properly
       monitored by supervisory officers and that misconduct would not be investigated or
       sanctioned, but would be tolerated.  In addition, the City of New York had and has a
       policy, custom, and/or practice of detaining persons for an excessive period of time prior
       to arraignment.

44.    The above described policies and customs demonstrated a deliberate indifference on the
       part of the policymakers of the CITY to the constitutional rights of arrestees and were the
       cause of the violations of WALKER's rights alleged herein.

45.    By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of WALKER's rights, subjected WALKER to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

46.    That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of WALKER's civil rights, including but not limited to the right to be free from being falsely arrested.

47.    By reason of the foregoing, WALKER suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

48.    Paragraphs 1 through 47 are hereby realleged and incorporated by reference herein.

49.    That the seizure, detention and imprisonment of WALKER was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

50.    That Defendants intended to confine WALKER.

51.    That WALKER was conscious of the confinement and did not consent to it.

52.    That the confinement was not otherwise privileged.

53.    By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of WALKER's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

9

54.  That Defendants had the opportunity to intervene, and failed to do so, to prevent
     violations of WALKER's civil rights, including but not limited to the right to be free
     from false arrest.

55.  That by reason of the foregoing, WALKER suffered physical injuries, mental injuries,
     economic injury, deprivation of liberty and privacy, terror, humiliation, damage to
     reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

56.  Paragraphs 1 through 55 are hereby realleged and incorporated by reference herein.

57.  That the incident that resulted from the intentional application of physical force by
     Defendants constituted a seizure. That the use of excessive force in effectuating the
     seizure was unreasonable under the circumstances.

58.  That Defendants had no legal cause or reason to use excessive force in effectuating
     WALKER's arrest or after WALKER was arrested and in custody.

59.  That Defendants violated WALKER's Fourth and Fourteenth Amendment right to be free
     from unreasonable seizures when they used excessive force against him.

60.  That at the time of the arrest or while in custody, WALKER did not pose a threat to the
     safety of the arresting officers.

61.  That WALKER was not actively resisting arrest or attempting to evade arrest.

62.  That Defendant CITY, through its officers, agents, and employees, unlawfully subjected
     WALKER to excessive force while effectuating his arrest.

63.  That Defendants' actions were grossly disproportionate to the need for action and were
     unreasonable under the circumstances.

64.   That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of WALKER's rights, subjected WALKER to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

65.   That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of WALKER's civil rights, including but not limited to the right to be free from the application of excessive force.

66.   That upon information and belief, in 2010, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

67.   That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

68.   That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

69.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of WALKER's rights alleged herein.

11

70.    By reason of the foregoing, WALKER suffered physical injuries, mental injuries,

emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation,

and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

71.    Paragraphs 1 through 70 are hereby realleged and incorporated by reference herein.

72.    That the incident that resulted from the intentional application of physical force by

Defendants constituted a seizure.

73.    That the use of excessive force in effectuating the seizure was unreasonable under the

circumstances.

74.    That Defendants had no legal cause or reason to use excessive force in effectuating

WALKER's arrest or after WALKER was arrested and in custody.

75.    That at the time of the arrest, WALKER did not pose a threat to the safety of the arresting

officers.

76.    That WALKER was not actively resisting arrest or attempting to evade arrest.

77.    That Defendants' actions were grossly disproportionate to the need for action and were

unreasonable under the circumstances.

78.    That by reason of Defendants acts and omissions, Defendants, acting under color of state

law and within the scope of their authority, in gross and wanton disregard of WALKER's

rights, subjected WALKER to excessive force while effectuating his arrest, in violation

of the laws of the State of New York.

79.    That Defendants had the opportunity to intervene, and failed to do so, to prevent

violations of WALKER's civil rights, including but not limited to the right to be free

from the application of excessive force.

12

80.  By reason of the foregoing, WALKER suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

IX. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

81.  Paragraphs 1 through 80 are hereby realleged and incorporated by reference herein.

82.  That Defendants, with malicious intent, arrested WALKER and initiated a criminal proceeding despite the knowledge that WALKER had committed no crime.

83.  That all charges against WALKER were terminated in his favor.

84.  That there was no probable cause for the arrest and criminal proceeding.

85.  That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of WALKER's rights, deprived WALKER of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

86.  That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a result of the above described policies and customs, WALKER was maliciously prosecuted despite the fact that he had committed no violation of the law.

87.  That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

13

88.     That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

89.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of WALKER's rights alleged herein.

90.     That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

91.     That upon information and belief, in 2006, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

92.     That by reason of the foregoing, WALKER suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

X. SIXTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

93.     Paragraphs 1 through 92 are hereby realleged and incorporated by reference herein.

94.     That Defendants acted with malicious intent, arrested WALKER and initiated a criminal proceeding despite the knowledge that WALKER had committed no crime.

95.     That charges against WALKER are still pending.

96.     That there was no probable cause for the arrest and criminal proceeding.

97.     That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of WALKER's rights, deprived WALKER of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

98.     That by reason of the foregoing, WALKER suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

99.     Paragraphs 1 through 98 are hereby realleged and incorporated by reference herein.

100.    That Defendants had no legal cause nor excuse to detain WALKER for a prolonged period prior to arraignment.

101.    That Defendants detained WALKER excessively prior to arraignment in violation of WALKER's civil rights.

102.    That Defendants detained WALKER with ill will and/or negligently.

103.    That Defendants should have expeditiously investigated this matter and released WALKER.

104.    By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of WALKER's rights, deprived WALKER of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

15

105.   That in so acting, Defendant CITY, abused its power and authority as policymaker of the
       New York City Police Department under the color of State and/or local law.

106.   That upon information and belief, in 2010, Defendant CITY had a policy or routine
       practice of detaining and imprisoning individuals for excessive periods prior to
       arraignment.

107.   That upon information and belief, it was the policy and/or custom of Defendant CITY to
       inadequately train and supervise their officers, staff, agents and employees, thereby
       failing to adequately discourage further constitutional violations on the part of their
       officers, staff, agents and employees.

108.   That as a result of the above described policies and customs, the officers, staff, agents and
       employees of Defendant CITY believed that their actions would not be properly
       monitored by supervisory officers and that misconduct would not be investigated or
       sanctioned, but would be tolerated.

109.   That the above described policies and customs demonstrate a deliberate indifference on
       the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees
       and were the cause of the violations of WALKER's rights alleged herein.

110.   That Defendant, through its officers, agents and employees, unlawfully incarcerated
       WALKER for an excessive period of time prior to arraignment.

111.   By reason of the foregoing, WALKER suffered mental injuries, economic injury,
       deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and
       other psychological injuries.  All of said injuries may be permanent.

### XII. EIGHTH CAUSE OF ACTION
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

112.   Paragraphs 1 through 111 are hereby realleged and incorporated by reference herein.

16

113.  Defendants negligently and/or intentionally failed to arraign plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

114.  Said failure to promptly arraign plaintiff caused his arrest to be void ab initio.

115.  As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XIII. NINTH CAUSE OF ACTION
Pursuant to § 1983 (Denial of Medical Treatment)

116.  Paragraphs 1 through 115 are hereby realleged and incorporated by reference herein.

117.  That the injuries Plaintiff suffered as a result of Defendants' assault amounted to a serious medical condition.

118.  That untreated, Plaintiff's injuries amounted to a substantial risk of serious harm.

119.  That Plaintiff requested medical treatment for his injuries.

120.  That Defendants refused to provide medical treatment.

121.  That the denial of medical care resulted in a substantial risk of serious harm to Plaintiff.

122.  That Defendants acted with reckless disregard for the substantial risk.

123.  That Defendants denied Plaintiff access to medical care because of a deliberate indifference to the medical need.

124.  That by reason of the foregoing, WALKER suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XIV. TENTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

17

125.    Paragraphs 1 through 124 are hereby realleged and incorporated by reference herein.

126.    That Defendants intended to cause harmful bodily contact to WALKER.

127.    That Defendants, in a hostile manner, voluntarily caused WALKER'S injuries.

128.    That Defendants' contact with WALKER constituted a battery in violation of the laws of
the State of New York.

129.    That by reason of the foregoing, WALKER suffered physical injuries, mental injuries,
emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation,
and other psychological injuries. All of said injuries may be permanent.

## XV. ELEVENTH CAUSE OF ACTION
Pursuant to State Law (Negligence)

130.    Paragraphs 1 through 129 are hereby realleged and incorporated by reference herein.

131.    That Defendants were reckless, careless, and indifferent to WALKER's physical well-
being while WALKER was in Defendants' custody.

132.    That Defendants had a duty to exercise reasonable care to secure the safety of WALKER
from injury while in Defendants' charge.

133.    That Defendants breached their duty to WALKER when Defendants failed to exercise
reasonable care to secure the safety of WALKER while in Defendants' charge, or when
Defendants discontinued their aid or protection of WALKER and left WALKER in a
worse position than when Defendants took charge of him.

134.    That by the actions described above, defendants jointly and severally, negligently caused
injuries, emotional distress and damage to the plaintiff.

135.    The acts and conduct of the defendants were the direct and proximate cause of injury and
damage to the plaintiff and violated his statutory and common law rights as guaranteed
by the laws and Constitution of the State of New York.

18

136.    As a result of the foregoing, WALKER was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured. All of said injuries may be permanent.

## XVI. TWELFTH CAUSE OF ACTION
### Pursuant to § 1983 (Denial of Fair Trial)

137.    Paragraphs 1 through 136 are hereby realleged and incorporated by reference herein.

138.    By fabricating evidence, defendants violated WALKER's constitutional right to a fair trial.

139.    Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

140.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XVII. THIRTEENTH CAUSE OF ACTION
### Pursuant to State Law (DENIAL OF FAIR TRIAL)

141.    Paragraphs 1 through 140 are hereby realleged and incorporated by reference herein.

142.    By fabricating evidence, defendants violated WALKER's constitutional right to a fair trial.

143.    Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

144.    As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress,

anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

XVIII. FOURTEENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

145.    Paragraphs 1 through 144 are hereby realleged and incorporated by reference herein.

146.    That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

147.    That at all times Defendants were acting within the scope of their employment.

148.    That Defendant CITY was able to exercise control over Defendants activities.

149.    That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, WALKER suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.


**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, WALKER has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, WALKER respectfully requests that judgment be entered:

1.    Awarding WALKER compensatory damages in a full and fair sum to be determined by a jury;

2.    Awarding WALKER punitive damages in an amount to be determined by a jury;

3.   Awarding WALKER interest from January 22, 2010 and

4.   Awarding WALKER reasonable attorney's fees pursuant to 42 USC §1988; and

5.   Granting such other and further relief as to this Court seems proper.

DATED:     Brooklyn, New York
           May 21, 2012

                                        _____
                                        DAVID A. ZELMAN, ESQ.
                                        (DZ 8578)
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718)604-3072