UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RONALD WALKER,

          Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE
OFFICER KEITH HENNIN, Shield # 23794,
LIEUTENANT ELIZABETH MORRISSEY;
SERGEANT CHRISTOPHER BARBIERI,
Shield # 210; POLICE OFFICER ANDREW
WATSON, Shield # 30737,

          Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-314 (CBA) (JMA)



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 22 2015 ★
BROOKLYN OFFICE

AMON, Chief United States District Judge:

    Plaintiff's motion for attorneys' fees and costs is currently pending before the Court. (DE # 137-38, 146.) On May 15, 2014, the Court referred that motion to then Magistrate Judge Joan M. Azrack for report and recommendation. (DE dated 5/15/2014.) Given Judge Azrack's recent appointment as a District Judge, the Court withdraws that referral and considers plaintiff's fee motion itself.

    In evaluating plaintiff's submissions, the Court has noted several discrepancies. First, the Court notes that each of the three junior associates that assisted Zelman on this matter appear to have done so as first-year associates or as law clerks pending admission to the bar.[1] Given that each of those attorneys had similar experience when they worked on this matter, the Court finds puzzling plaintiff's decision to bill them at different rates. To the extent plaintiff continues to

---

[1] Justin Denton was admitted to practice in 2011 and appears to have worked on this matter from January 11, 2011 through March 12, 2012. (Zelman Aff. at 11; Zelman Ex. B at 1, 15.) Likewise, Matthew Lawrence was admitted in 2012 and billed on this matter from March 6, 2012 until June 26, 2012. (Zelman Aff. at 11; Zelman Ex. B at 15, 21.) Finally, Matthew Schommer was admitted in 2013 and began billing the Walker matter on January 15, 2013. (Zelman Aff. at 11; Zelman Ex. B at 23.). The latest bill attributed to Schommer was made on September 30, 2013. (Zelman Reply Aff., Ex. A at 2.)

believe that the work performed by Denton and Lawrence should be paid at a higher hourly rate than the similar work done by Schommer, he must explain what justifies that higher rate.

Second, plaintiff provides no details on the professional experience of the paralegals that worked on this matter. Generally the rate for paralegal work in this District falls below the $125 per hour that plaintiff requests. See Ferrara v. CMR Contracting LLC, 848 F. Supp. 2d 304, 313 (E.D.N.Y.2012) ("In recent years, courts in this district have approved hourly fee rates in the range of . . . $70 to $100 for paralegal assistants."). Although exceptional paralegals can sometimes justify an above average rate, Stanczyk v. City of New York, 990 F. Supp. 2d 242, 247–48 (E.D.N.Y. 2013) (billing one paralegal at $125 per hour and the remainder at $100 per hour), plaintiff's affirmation sheds no light on the professional experience of the paralegals in question. Before such a high rate can be awarded, plaintiff must provide facts establishing that the professional experience of the paralegals in question support it.

Third, plaintiff seeks $3,000 in costs related to services provided by Dr. Karen Jubanyik, a medical expert. (Zelman Aff., Ex. B at 38; Zelman Aff., Ex. C at 4.) But "§ 1988 does not permit courts to shift expert fees to a losing part as part of a 'reasonable attorney's fee'" in a § 1983 case. Stanczyk v. City of New York, 990 F. Supp. 2d 242, 253 (E.D.N.Y. 2013) (quoting W. Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 102 (1991)); see also Davis v. City of New York, No. 10-CV-699 (SAS), 2011 WL 4946243, at *7 & n.66 (S.D.N.Y. Oct. 18, 2011) ("Pursuant to section 1988, courts only have the discretion to tax expert fees as costs in actions brought under 42 U.S.C. §§ 1981 and 1981a, not section 1983."). Therefore, plaintiff must explain the legal basis on which it seeks to recoup fees related to Dr. Jubanyik's testimony.

Finally, plaintiff seeks interest on costs. Recently courts in this District have questioned whether such interest should be awarded. See Gortat v. Capala Bros., No. 07-CV-3629 (ILG)

2

(SMG), 2014 WL 3818614, at *14 (E.D.N.Y. Aug. 4, 2014). Even assuming the propriety of imposing interest on costs, plaintiff has not specified how interest should be calculated. If plaintiff wishes to seek interest on his costs, he must further explain the legal basis for that request and provide the Court with an applicable interest rate.

## CONCLUSION

The Court grants plaintiff leave to submit a supplemental submission discussing the issues identified above within 14 days of this Order. That submission shall not exceed five pages in length. Defendants may respond to that submission within 7 days of its receipt. That response is likewise limited to five pages.

SO ORDERED.

Dated: April 21, 2015
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge